```
     FILED          RECEIVED
     ENTERED        SERVED ON
                    COUNSEL/PARTIES OF RECORD

        DEC - 1 2010

     CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
  BY:                      DEPUTY
```

1  DANIEL G. BOGDEN
   United States Attorney
2  DANIEL R. SCHIESS
   Assistant United States Attorney
3  333 Las Vegas Boulevard South
   Suite 5000
4  Las Vegas, Nevada 89101
   (702) 388-6336
5

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CASE NO. 2:10-CR-290-RHL-PAL |
| vs | **PLEA MEMORANDUM** |
| RONALD DEAN UDY, | |
| Defendant. | |

The United States of America, by and through Daniel G. Bogden, United States Attorney, and Daniel R. Schiess, Assistant United States Attorney, the defendant, RONALD DEAN UDY, and the defendant's attorney, Chad Noakes, submit this plea memorandum.

## I. PLEA AGREEMENT

The United States and the defendant have reached the following plea agreement, which is not binding on the court:

**A.   The Plea**

1.   Defendant will plead guilty to the Indictment, charging Defendant Conspiracy to Commit Bank Fraud, in violation of Title 18, United States Code, Section 1349. Defendant also agrees to the forfeiture of the property set forth in the Forfeiture Allegations of the Indictment and Plea Memorandum.

**B.   Additional Charges**

2. The United States will bring no additional charge or charges against the defendant arising out of the investigation in the District of Nevada that culminated in this Plea Memorandum.

**C.   Sentencing Guideline Calculations**

3. Defendant understands that the Court is required to consider United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining the defendant's sentence. Defendant understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

4. The parties agree that the following calculations of the United States Sentencing Guidelines apply:

| | |
|---|---|
| Base Offense Level -- | 7 |
| Loss Amount -- ($2,500,000 to $7,000,000) | 18 |
| Loss Affecting Financial Institution | 2 |
| Acceptance of Responsibility – | -3 |
| TOTAL | 24 |

5. Pursuant to U.S.S.G. §3E1.1(a), the United States will recommend that the defendant receive a two (2) level adjustment for acceptance of responsibility unless Defendant (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct; (f) fails to appear in court; or (g) violates the conditions of defendant's pretrial release conditions.

6. Pursuant to U.S.S.G. §3E1.1(b), the United States will, in its sole discretion, make a motion for an additional one-level adjustment for acceptance of responsibility prior to sentencing if the defendant timely notifies the United States of the defendant's intention to plead guilty, thereby

permitting the United States to avoid preparing for trial and allowing for the efficient allocation of resources.

7. Defendant's Criminal History Category will be determined by the court.

**D. Other Sentencing Matters**

8. The United States will recommend that the defendant be sentenced to the low end of the Guideline range unless the defendant commits any of the acts that could result in a loss of the downward adjustment for acceptance of responsibility.

9. Defendant may seek and the United States may oppose any downward adjustment pursuant to 18 U.S.C. § 3553.

10. The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors. In that event, the defendant will not withdraw the defendant's plea of guilty. Both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

11. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

12. The defendant reserves the right to argue for a sentence to be imposed concurrently with the sentence he is presently serving in the State of Utah. The United States will stand silent on this issue, unless it needs to correct any inaccuracy material to the Court's decision on this issue.

**E. Fines and Special Assessment**

13. Defendant agrees that the Court may impose a fine due and payable immediately upon sentencing.

1    14.    Defendant will pay the special assessment of $100 per count of conviction at the time
2   of sentencing.

**F.  Forfeiture**

4    15.    Defendant knowingly and voluntarily agrees to the abandonment, the civil
5   administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture money judgment of
6   $4,150,000 in United States Currency ("property").

7    16.    Defendant knowingly and voluntarily agrees to abandon or to forfeit the property to
8   the United States.

9    17.    Defendant knowingly and voluntarily agrees to relinquish all right, title, and interest
10  in the property.

11   18.    Defendant knowingly and voluntarily agrees to waive the defendant's right to any
12  abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture
13  proceedings, or any criminal forfeiture proceedings ("proceedings") of the property.

14   19.    Defendant knowingly and voluntarily agrees to waive service of process of any and
15  all documents filed in this action or any proceedings concerning the property arising from the facts
16  and circumstances of this case.

17   20.    Defendant knowingly and voluntarily agrees to waive any further notice to the
18  defendant, the defendant's agents, or the defendant's attorney regarding the abandonment or the
19  forfeiture and disposition of the property.

20   21.    Defendant knowingly and voluntarily agrees not to file any claim, answer, petition,
21  or other documents in any proceedings concerning the property.

22   22.    Defendant knowingly and voluntarily agrees to waive the statute of limitations, the
23  CAFRA requirements, Fed. R. Crim. P. 7(c)(2), 32.2(a), and 32.2(b)(3), and the constitutional due
24  process requirements of any abandonment proceeding or any forfeiture proceeding concerning the
25  property.

26

23. Defendant knowingly and voluntarily agrees to waive the defendant's right to a jury trial on the forfeiture of the property.

24. Defendant knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine in any proceedings concerning the property.

25. Defendant knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

26. Defendant knowingly and voluntarily agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the abandonment or the forfeiture.

### G. Waiver of Appeal

27. In exchange for the concessions made by the United States in this plea agreement, Defendant knowingly and expressly waives the right to appeal any sentence that is imposed within the applicable Sentencing Guideline range as calculated by the Court, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or sentence, including any order of restitution and forfeiture. Defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the applicable Sentencing Guideline range calculated by the Court.

28. Defendant also waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to the defendant's conviction, sentence and the procedure by which the court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

29. Notwithstanding the stipulations in this agreement, the parties are free to argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error. However, each party agrees to maintain its view that the calculation in paragraph I.C. are consistent with the facts of this case.

### H. Additional Promises, Agreements, and Conditions

30. In exchange for the United States entering into this agreement, Defendant agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evidence. 801(d)(2)(A) in the following circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event the defendant does not plead guilty or withdraws the defendant's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on the defendant's behalf; and (b) the defendant expressly waives any and all rights under Fed. R. Criminal P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

31. The parties agree that no promises, agreements, and conditions have been entered into other than those set forth in this plea memorandum, and will not be entered into unless in writing and signed by all parties.

### I. Limitations

32. This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. But, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States Attorney's office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving defendant, including but not limited to, proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

**J. Cooperation**

33. Defendant agrees, if requested by the United States, to provide complete and truthful information and testimony concerning Defendant's knowledge of all other persons who are committing or have committed offenses against the United States or any state, and agrees to cooperate fully with the United States and any state and local agencies in the investigation and prosecution of such persons. Defendant agrees that the information provided can be used against the defendant to establish relevant conduct for sentencing purposes.

34. In the event the United States Attorney decides in the sole discretion of the United States Attorney that the assistance provided by Defendant amounts to "substantial assistance" pursuant to U.S.S.G. § 5K1.1, the United States will timely file a motion for downward departure from the applicable Guideline calculation. The Court has the sole discretion to grant such a motion.

35. Defendant agrees that a motion for downward departure based on substantial assistance shall not be made under any circumstances unless Defendant's cooperation is deemed to be substantial assistance by the United States Attorney. The United States has made no promise, implied or otherwise, that Defendant will be granted a departure for substantial assistance. Further, no promise has been made that such a motion will be made even if Defendant complies with the terms of this Plea Agreement in all respects but has been unable to provide substantial assistance as determined in the sole discretion of the United States Attorney.

36. The United States agrees to consider the totality of the circumstances, including but not limited to, the following factors, in determining whether, in the sole discretion of the United States Attorney, Defendant has provided substantial assistance which would merit a motion by the United States for a downward departure from the applicable Guideline:

    a. The United States' evaluation of the significance and usefulness of Defendant's assistance;

    b. The truthfulness, completeness, and reliability of any information or testimony provided by Defendant;

   c. The nature and extent of Defendant's assistance;

   d. Any injury suffered, or any danger or risk of injury to Defendant or Defendant's family resulting from Defendant's assistance; and

   e. The timeliness of Defendant's assistance.

37. Defendant agrees that in the event the United States files a downward departure motion based upon Defendant's substantial assistance, the United States reserves the right to make a specific recommendation to the Court regarding the extent of such a departure. Defendant understands and agrees that the final decision as to how much of a departure, if any, is warranted rests solely with the Court.

38. Defendant agrees that if the United States determines that Defendant has not provided full and truthful cooperation, or has committed any federal, state or local crime between the date of this agreement and defendant's sentencing, or has otherwise violated any provision of this agreement, then (a) the agreement and any of its obligations hereunder may be voided by the United States in its sole discretion, (b) defendant may not withdraw the guilty plea, and (c) defendant shall be subject to prosecution for all federal criminal offenses of which the United States has knowledge, including but not limited to, perjury and obstruction of justice. Any such prosecution may be based upon any information provided by Defendant or leads derived therefrom.

## II. PENALTY

39. The maximum penalty for a violation of Title 18, United States Code, Section 1349, is imprisonment for not more than thirty (30) years, a fine of not more than $1,000,000, or both. Defendant is subject to supervised release for a term of not greater than five (5) years.

40. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

1   41.   Defendant must pay a special assessment of one-hundred dollars ($100.00) for each count of conviction.

2   42.   Defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless the defendant establishes that the defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service.

## III. ELEMENTS

43.   The essential elements of the offense of Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349, are as follows:

First, There was an agreement between two or more persons to commit at least one crime as charged in the indictment, in this case, Bank Fraud; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

## IV. FACTS

44.   Defendant is pleading guilty because the defendant is guilty of the charged offense.

45.   In pleading to the offense, Defendant acknowledges that if the defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish defendant's guilt beyond a reasonable doubt.

46.   Defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

**Conspiracy to Commit Bank Fraud**

47.   In or about May 2007, in the Federal District of Nevada and elsewhere, Defendant conspired with others to commit the crime of bank fraud, a violation of Title 18, United States Code, Section 1344.

48.   The object of the conspiracy was for the defendant and others to fraudulently obtain mortgage loans from Washington Mutual Bank and use some of the proceeds from the mortgage loans to unjustly enrich themselves.

49. The defendant and his coconspirators carried out the object of the conspiracy by having the defendant buy a house in his name and causing two people to buy houses in their names.

50. The defendant and his coconspirators further carried out the conspiracy by making and causing to be made materially false statements on loan applications and supporting documents regarding the buyers' employments, incomes, assets, and intentions to live in the houses, and the value of the houses.

51. The defendant and his coconspirators further carried out the conspiracy by submitting and causing to be submitted the loan applications and supporting documents to Washington Mutual Bank, a federally-insured financial institution, and causing Washington Mutual to make mortgage loans to the three houses, with the dates of the purchases and the addresses of the houses being listed below.

| **Date** | **Property** |
| --- | --- |
| 4/3/07 | 1590 Villa Rica Drive, Henderson, NV |
| 5/8/07 | 1729 Tangiers Drive, Henderson, NV |
| 5/23/07 | 1529 Villa Rica Drive, Henderson, NV |

52. The defendant and his coconspirators further carried out the scheme by obtaining cash from the real estate transactions by making false representations regarding the nature of disbursements from the escrows for the closings of the real estate transactions.

## V. ACKNOWLEDGMENT

53. Defendant, acknowledges by the defendant's signature below that defendant has read this Memorandum of Plea Agreement, that defendant understands the terms and conditions, and the factual basis set forth herein, that defendant has discussed these matters with defendant's attorney, and that the matters set forth in this memorandum, including the facts set forth in Part IV above are true and correct.

54. Defendant acknowledges that defendant has been advised, and understands, that by entering a plea of guilty the defendant is waiving, that is, giving up, certain rights guaranteed to the defendant by law and by the Constitution of the United States. Specifically, Defendant is giving up:

    a. The right to be indicted by a federal grand jury;

    b. The right to proceed to trial by jury on the original charges, or to a trial by a judge if defendant and the United States both agree;

    c. The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

    d. The right to remain silent at such trial, with such silence not to be used against defendant in any way;

    e. The right, should defendant so choose, to testify in defendant's own behalf at such a trial;

    f. The right to compel witnesses to appear at such a trial, and to testify in defendant's behalf; and

    g. The right to have the assistance of an attorney at all stages of such proceedings.

55. Defendant, defendant's attorney, and the attorney for the United States acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by and between the parties, and that no other promise has been made or implied by either the defendant, the defendant's attorney, or the attorney for the United States.

/ / /
/ / /
/ / /
/ / /
/ / /

```
1                                    DANIEL G. BOGDEN
                                     United States Attorney
2
     12/1/10                         /s/ Daniel R. Schiess
3    ─────────
     DATED                           DANIEL R. SCHIESS
4                                    Assistant United States Attorney

5
     12/1/10                         /s/ Chad D. Noakes
6    ─────────
     DATED                           CHAD NOAKES
                                     Counsel for Defendant
7

8
     12/1/10                         /s/ Ronald Dean Udy
9    ─────────
     DATED                           RONALD DEAN UDY
                                     Defendant
10
```